# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

Lisa A. Coler,

    Plaintiff,

v.

Commissioner of Social Security,

    Defendant.

Case No. 2:18-cv-184

Judge Michael H. Watson

Magistrate Judge Jolson

## OPINION AND ORDER

Magistrate Judge Jolson issued a report and recommendation ("R&R") recommending the Court overrule Lisa A. Coler's ("Plaintiff") statement of specific errors and affirm the decision of the Commissioner of Social Security ("Commissioner") in this case. R&R, ECF No. 13. Plaintiff objects. Obj., ECF No. 14. For the following reasons, the Court **OVERRULES** Plaintiff's objections.

### I.    PROCEDURAL HISTORY

Plaintiff applied for supplemental security income on August 20, 2014, alleging a disability onset date of April 12, 2013. Her application was denied initially and on reconsideration. An Administrative Law Judge ("ALJ") held a hearing on May 2, 2017, and thereafter issued a decision denying Plaintiff's application. The Appeals Council denied Plaintiff's request for review, and Plaintiff subsequently brought suit in this Court seeking a review of the Commissioner's decision.

## II. STANDARD OF REVIEW

Magistrate Judge Jolson issued the R&R pursuant to Federal Rule of Civil Procedure 72(b). Under that rule, the Undersigned must determine *de novo* any part of the Magistrate Judge's disposition that has been properly objected to. Fed. R. Civ. P. 72(b)(3). The Undersigned may accept, reject, or modify the R&R, receive further evidence, or return the matter to the Magistrate Judge with instructions. *Id.*

## III. ANALYSIS

Plaintiff's contention in this case is that Dr. Edwards was a non-treating but examining source who opined as to Plaintiff's mental health. She argues that the ALJ gave great weight to Dr. Edwards' opinions but omitted one of Dr. Edwards' limitations—that "[i]t is likely that [Plaintiff] will eventually encounter contentious relationships with supervisors and coworkers," Dr. Edwards' Report, ECF No. 8 at PAGEID # 363—when formulating Plaintiff's mental health residual functional capacity ("RFC"). Although Plaintiff acknowledges that the ALJ was not required to adopt all of Dr. Edwards' limitations, she argues that the ALJ failed to explain her reasons for omitting the above limitation and that such failure rendered the decision inconsistent and unreviewable. *See* Statement of Specific Errors, ECF No. 11. Because the Court disagrees with Plaintiff's premise that the ALJ omitted a limitation contained in Dr. Edwards' report, Plaintiff's objection is overruled.

Under a section of the report titled "Functional Assessment," Dr. Edwards is asked to "<u>Describe the claimant's abilities and limitations in responding appropriately to supervision and to coworkers in a work setting</u>[.]" Dr. Edwards' Report, ECF No. 8 at PAGEID # 363 (emphasis in original). Dr. Edwards wrote:

> The claimant had no reported history of difficulties with the law, but considerable problems with coworkers, supervisors, family, and friends. She was appropriate with me, however, as well as readily followed all direction I gave. She had good social skills. Depression could cause isolation and intolerance of social situations, however. Personality disorder would be predictive of intense and unstable relationships. It is likely she will eventually encounter contentious relationships with supervisors and coworkers.

*Id.*

As pertinent to Plaintiff's objection, this paragraph constitutes Dr. Edwards' opinion that Plaintiff will likely encounter contentious relationships with supervisors and coworkers. It does not, however, parlay that opinion into any specific limitation on Plaintiff's ability to work. For example, it does not opine, as Plaintiff seems to suggest, that Plaintiff has a severe limitation in her ability to get along well with others or should be limited to no contact with supervisors and coworkers.[1]

---

[1] The Court also disagrees that Dr. Edwards' opinion necessarily amounted to an opinion that Plaintiff was disabled. *See* Statement of Specific Errors 8, ECF No. 11 ("Here, the ALJ was well aware that Dr. Edwards' opinions were, per the vocational expert, disabling."). The vocational expert testified that "if an individual is having difficulty with a supervisor during the probationary period, it is not uncommon that that person will be let go, during that period of time." Hearing Tr., ECF No. 8 at PAGEID # 114. The Court does not equate that testimony as a recognition by the vocational expert that Plaintiff would be fired from a job or even that Dr. Edwards' opinion renders Plaintiff "unable to sustain employment." *See* Statement of Specific Errors 8, ECF No. 11.

Moreover, the ALJ *did* incorporate that opinion, such as it was, into the mental health RFC. As Plaintiff concedes, the ALJ explicitly acknowledged Dr. Edwards' opinion that it is likely Plaintiff will eventually encounter contentious relationships with supervisors and coworkers. ALJ Decision 12, ECF No. 8 at PAGEID # 61. The ALJ gave great weight to Dr. Edwards' opinion, and as it relates to that portion, concluded that Dr. Edwards' opinion was "consistent with the statements of the claimant, as found in the adult disability reports and testimony, which suggest that [Plaintiff] has at least moderate limitations in the ability to get along well with others . . . ." *Id.* The ALJ, therefore, interpreted Dr. Edwards' opinion and the other evidence as describing a moderate limitation in Plaintiff's ability to get along with others. *See also, id.* at 14, PAGEID # 63 ("[T]he opinions of the State agency consultative psychologists are consistent with the opinion of Dr. Edwards . . . who opined that the claimant would likely experience increases in anxiety and depression . . . that would lead to moderate limitations in social functions . . . ."). The ALJ then incorporated Dr. Edwards' opinion and the corresponding moderate limitation into the mental health RFC by limiting Plaintiff to "occasional interaction with coworkers, supervisors, and the general public." *Id.* at 7, PAGEID # 56.

This moderate limitation on social functioning is likewise supported by substantial evidence. As the ALJ noted, Plaintiff's activities of daily living translated to a "no more than moderate" limitation on her social functions. ALJ Decision 6, ECF No. 8 at PAGEID # 55. Likewise, the ALJ assigned "great

weight" to the state agency consultative reviewers who considered Dr. Edwards' report and opined that Plaintiff would have moderate limitations in social functions. *See* AR, ECF No. 8 at PAGEID ## 158–62 (finding Dr. Edwards' report to be consistent with the consultative examination findings).

In sum, the Court disagrees with Plaintiff's assertion that the mental health RFC "makes no mention of the likely potential relationships that [Plaintiff] was expected to have with coworkers and supervisors" or failed to address a *limitation* proffered by Dr. Edwards. Statement of Specific Errors at 7, ECF No. 11.

## IV. CONCLUSION

For the reasons stated above, the Court **OVERRULES** Plaintiff's objection and **ADOPTS** the R&R. The Commissioner's decision is **AFFIRMED**. The Clerk shall enter final judgment for Defendant and terminate this case.

**IT IS SO ORDERED.**

*/s/ Michael H. Watson*
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**